UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ORTEGA (21),<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Respondent. | Case No.: 16-cv-1622-GPC<br>Related Case No: 12-CR-236-GPC-21<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND GRANTING CERTIFICATE OF APPEALABILITY**<br><br>[Dkt. No. 2018] |

On November 15, 2016, Petitioner Jose Ortega, proceeding with counsel, filed an amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C § 2255. Dkt. No. 2018. Respondent filed a response on December 14, 2016. Dkt. No. 2032. Petitioner filed a reply on January 10, 2017. Dkt. No. 2038. Based on the reasoning below, the Court **DENIES** Petitioner's motion to vacate, set aside or correct his sentence.

## I.　BACKGROUND

On January 19, 2012, the Grand Jury returned an Indictment charging 40 defendants with Racketeer Influenced and Corrupt Organizations Act ("RICO") conspiracy in violation of 18 U.S.C. § 1962(d) as well as numerous other counts for their involvement in

1

the Mexican Mafia in the North San Diego County area. Dkt. No. 1. A Superseding Indictment was returned on August 2, 2012 as to counts charged against Petitioner Ortega. Dkt. No. 627.

On May 9, 2013, Ortega pleaded guilty, without a plea agreement, to three counts in the Superseding Indictment: Count 1 for Conspiracy to Conduct Enterprise Affairs Through a Pattern of Racketeering Activity in violation of 18 U.S.C. § 1962(d); Count 2 for Conspiracy to Distribute Methamphetamine and Cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(vii), 841(b)(1)(B)(ii), and 846; and Count 7 for Possession of a Firearm in Relation to a Drug-Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). Amended Pet., Dkt. No. 2018, Ex. C.

Count 7 of the Superseding Indictment concerning the violation of § 924(c)(1)(A) charged:

Count 7
Possession of a Firearm in Relation to a Drug-Trafficking Crime

> On or about June 1, 2011, within the Southern District of California, defendant JOSE ORTEGA, did knowingly and intentionally possess a firearm during and in relation to a drug-trafficking crime, to wit: the racketeering conspiracy alleged in Count 1 of this Superseding Indictment, in that said racketeering conspiracy involved the commission of the offenses specified in paragraph 15, subparagraph e, of Count 1; and the conspiracy to distribute Schedule II Controlled Substances alleged in Count 2 of this Superseding Indictment; in violation of Title 18, United States Code, Sections 924(c)(1)(A), and 2 and *Pinkerton v. United States*, 328 U.S. 640 (1946).

Amended Pet., Ex. A at 104. Paragraph 15(e) of Count I, referenced in Count 7, states that the alleged racketeering activity involved as one of its acts: "the distribution, possession with intent to distribute and conspiracy to distribute controlled substances in

violation of Title 21, United States Code, Sections 841(a)(1) and 846." *Id.* at 57.

On August 19, 2013, Ortega was sentenced to a term of 120 months in custody for Counts 1 and 2 to run concurrently and 60 months as to count 7 to run consecutive to counts 1 and 2 for a total of 180 months. Dkt. No. 1293. Ortega did not appeal his sentence or conviction.

## II. Background

### a. Legal Standard on 28 U.S.C. § 2255

Section 2255 authorizes this Court to "vacate, set aside, or correct the sentence" of a federal prisoner on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a). To warrant relief under section 2255, a prisoner must allege a constitutional or jurisdictional error, or a "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783 (1979) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

In his motion, Petitioner challenges the mandatory enhanced sentence he received pursuant to 18 U.S.C. § 924(c) because RICO conspiracy is no longer a "crime of violence" under the residual clause based on the United States Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), where the Court held that a similar residual clause of the Armed Career Criminal Act of 1984 ("ACCA") is void for vagueness.

### b. *Johnson v. United States* Ruling

In *Johnson v. United States*, the United States Supreme Court held that imposing an increased sentence under the residual clause of the ACCA for "any crime punishable by imprisonment for a term exceeding one year . . . that – (ii) otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii),

violates the constitutional right to due process. *Johnson*, 135 S. Ct. at 2555. The ACCA "imposes a special mandatory fifteen year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or 'violent felon[ies].'" *Begay v. United States*, 128 S. Ct. 1581, 1583 (2008). The ACCA defines a "violent felony" as follows:

> any crime punishable by imprisonment for a term exceeding one year . . . that-
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another[1], or
> (ii) is burglary, arson, or extortion, involves use of explosives,[2] or otherwise involves conduct that presents a serious potential risk of physical injury to another.[3]

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Court held the ACCA's residual clause is void for vagueness and "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563. The Court explained that "[w]e are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." *Id.* at 2557. The Court expressly stated the decision does not apply to the remainder of the ACCA's definition of violent felony or the four enumerated offenses.[4] *Id.* Moreover, it rejected the government and dissent's position that "dozens of federal and state criminal laws use terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk,' suggesting that to hold the residual clause unconstitutional is to

---

[1] This section is referred to as the "elements" or "force" clause.
[2] This section is referred to as the "enumerated offenses clause." *See Johnson*, 135 S. Ct. at 2559, 2563.
[3] This section has become known as the "residual clause." *Id.* at 2556.
[4] The Supreme Court's holding in *Johnson* is expressly confined to the residual clause and the decision does not apply to the serious drug offense clause of the ACCA. *See United States v. Mora-Duardo*, No. 14-cr-35-98-GPC, 2017 WL 2664194, at *3 (S.D. Cal. June 20, 2017).

4

place these provisions in constitutional doubt" by responding, "[n]ot at all." *Id.* at 2561.

Section 924(c) is a sentencing enhancement provision that provides a series of mandatory consecutive sentences for using or carrying a firearm in furtherance of a "crime of violence or drug trafficking crime." *See* 18 U.S.C. § 924(c).[5] Section 924(c)(3) defines the term "crime of violence" as:

> an offense that is a felony and –
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[6] A "drug trafficking crime" for purposes of Section 924(c)(1)(A) is defined as an offense that is "any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*), or Chapter 705 of title 46."

---

[5] Section 924(c)(1)(A) provides,

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime --
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A).

[6] Courts have referred to subsection (A) as the "elements" or "force" clause and subsection (B) as the "residual clause." *United States v. Abdul-Samad*, No. 10-CR-2792 WQH, 2016 WL 5118456, at *3 (S.D. Cal. Sept. 21, 2016)

## III. Analysis

### a. Whether Petitioner's 924(c) Conviction was Predicated on a Drug-Trafficking Offense

Petitioner argues that under *Johnson*, RICO conspiracy is no longer a "crime of violence" under 18 U.S.C. § 924(c) because the definition of "crime of violence" under the residual clause of the ACCA, now declared unconstitutional, contains similar language to the "crime of violence" definition under § 924(c).[7] They further argue that RICO conspiracy is also not a "crime of violence" under the force clause.

Respondent contends that despite Petitioners' *Johnson* argument, Petitioner Ortega would nevertheless be subject to the provisions of § 924(c) because he committed a drug trafficking crime. Respondent asserts the charging instrument and record as a whole show that the 924(c) offense clearly indicates Count 7 is related to a drug-trafficking crime.

The Court agrees. The entirety of the record—including the superseding indictment, Defendant's plea colloquy, Pre-Sentence Report (PSR) and the Judgment—supports the government's contention that the Count 7 Section 924(c) charge rested on a drug trafficking charge, not on a crime of violence.

First, the plain language of the superseding indictment shows that the basis of Defendant's Section 924(c) conviction rested on drug trafficking crimes. Specifically,

---

[7] On October 19, 2015, the Ninth Circuit decided *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015) holding that the reasoning of *Johnson* applied to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b) so as to render it void for vagueness. On September 29, 2016, the Supreme Court granted certiorari in *Dimaya*, No. 15-1498, 137 S. Ct. 31 (Sept. 29, 2016). On March 29, 2017, the Ninth Circuit entered an order deferring submission of *Begay v. United States*—where the Ninth Circuit is anticipated to address the constitutionality of § 924(c)(3)(B) in light of *Johnson*—pending the outcome of the Supreme Court's decision in *Dimaya*. On June 26, 2017, the Supreme Court restored *Dimaya* to its calendar for reargument, which was held on October 2, 2017. No decision has been issued in either *Dimaya* or *Begay*. Because the Court finds that Petitioner's 924(c) conviction rested on a "drug trafficking conviction" and accordingly cannot be afforded any relief under *Johnson*, the Court need not address Plaintiff's arguments that the Section 924(C)(3)(B) residual clause is unconstitutionally vague or that RICO conspiracy is not a crime of violence under the force clause. Accordingly, a stay pending the decision in *Dimaya* is not warranted in this case.

Count 7 stated that Ortega possessed a firearm "in relation to a *drug-trafficking crime*" that involved charges in Count 2 for Conspiracy to Distribute Controlled Substances and the RICO Conspiracy offenses specified in paragraph 15, subparagraph e of Count 1. Amended Pet., Ex. A at 104. Paragraph 15, subparagraph e states that the pattern of racketeering consisted of: "involving the distribution, possession with intent to distribute and conspiracy to distribute controlled substances in violation of Title 21, United States Code, Sections 841(a)(1) and 846." Amended Pet., Ex. A at 35. Section 924(c)(2) defines drug trafficking as any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.). Moreover, the indictment refers only to Section 924(c)(2)—the provision defining drug trafficking—and does not reference Section 924(c)(3)—the provision defining a crime of violence. *Id.* at 104. Accordingly, it is clear from the face of the superseding indictment that Petitioner's RICO Conspiracy charge—the apparent predicate of Petitioner's 924(c) conviction—was based on "drug-trafficking" and not on a "crime of violence."[8]

That Petitioner's 924(c) conviction was related solely to a Drug-Trafficking Offense is further confirmed by looking to other charges in the indictment. Count 7, directed at Ortega, was titled "Possession of a Firearm in Relation to a *Drug-Trafficking Offense*" and explicitly omitted any reference to Possession related to a crime of violence. *Id.* at 104. In comparison, Count 11 Charged Defendants Miguel Grado and Jose Aranda with "Discharge of a Firearm in Relation to a *Crime of Violence* and a Drug-Trafficking Claim." *Id.* at 105 (emphasis added). Count 12 charged Defendant Rudy Espudo with "Brandishing of a Firearm in Relation to a *Crime of Violence* and a Drug-Trafficking Crime." *Id.* at 106

---

[8] The Government argues, in the alternative, that even if RICO Conspiracy were not a drug-trafficking crime, Ortega's conviction is lawful because his § 924(c) conviction was tied to both his RICO conspiracy conviction in Count 1 and his conspiracy to distribute controlled substances conviction in Count 2. Opp. at 3. The plain language of the indictment indicates that the Section 924(c) charge appears to have also been based on Count 2. Because *Johnson* provides no relief for a predicate "drug trafficking" crime, the Court will also **DENY** Plaintiff's motion to vacate, set aside, or correct sentence on the grounds that Count 7 was also based on the predicate offense of Count 2—Conspiracy to Distribute Cocaine.

1 (emphasis added).

2 The plea colloquy supports a similar conclusion. During the initial stage of the plea
3 colloquy, the Clerk asked Mr. Ortega whether he now desired to "withdraw [his] former
4 plea of not guilty to Counts 1, 2 AND 7 of the superseding indictment, charging [him] with
5 conspiracy to conduct enterprise affairs through a pattern of racketeering activity,
6 conspiracy to distribute methamphetamine, and possession of a firearm during and in
7 relation to *drug trafficking*." Amended Pet., Ex. B at 113. Mr. Ortega stated "yes" in
8 response to that question. Next, Magistrate Judge Brooks stated:

> THE COURT: MR. ORTEGA IS ALSO CHARGED IN COUNT 7 OF THE SUPERSEDING INDICTMENT WITH POSSESSION OF A FIREARM DURING AND IN RELATION TO A *DRUG-TRAFFICKING OFFENSE*. THE ELEMENTS OF THAT OFFENSE ARE AS FOLLOWS:
>
> ONE, THE DEFENDANT KNOWINGLY ENGAGED IN A VIOLATION OF 18 USC SECTION 1962(D); TWO SUCH A VIOLATION IS A DRUG-TRAFFICKING CRIME UNDER 18 USC SECTION 924(C); AND THREE, THE DEFENDANT KNOWINGLY POSSESSED A HANDGUN IN RELATION TO THE RACKETEERING CONSPIRACY INVOLVING THE OFFENSE OF DISTRIBUTION OF CONTROLLED SUBSTANCES, A VIOLATION OF 18 USC, SECTION 1962(d), A *DRUG-TRAFFICKING CRIME.*

21 *Id.* at 117 (emphasis added). While the court may have omitted a reference to
22 Paragraph 15, subparagraph (e) which described the basis of Petitioner's
23 racketeering activities—distribution offenses under 18 U.S.C. 841(a)(1) and 846—
24 the court made clear to Petitioner several times during the plea colloquy that the
25 predicate offense was a drug-trafficking crime. The Court later reiterated that Mr.
26 Ortega's Third Count was "Possession of a Firearm During and In Relation to a
27 *Drug-Trafficking Crime*." *Id.* at 123 (emphasis added). Petitioner's attorney
28

8

explained the factual bases of the crimes for which Ortega was pleading guilty, stating that Defendant met a drug customer in Escondido, California and escorted him inside to sell him methamphetamine, a portion of which was contributed to the overall tax money collected by the Diablos Gang. *Id.* at 125. Accordingly, Defendant's plea colloquy shows that the 924(c) charge was based on a drug-trafficking charge. Nowhere in this colloquy is the term "crime of violence" even mentioned.

Finally, Petitioner's PSR and Judgment both unequivocally show that Petitioner's 924(c) charge related to a drug-trafficking offense. *See, e.g.*, Dkt. 1170, 1598 (describing offense as "Possession of a Firearm in Relation to a *Drug-Trafficking* Offense") (emphasis added). Further, nothing in the Guidelines calculations of Petitioner's Pre-Sentence Report mentions the "Crime of Violence" definition in USSG § 4B1.2 or any other guideline dealing with violence. *See* Dkt. 1170; *Saenz v. United States*, No. 08-00676 SOM, 2016 WL 6275157, at *5 (D. Haw. Oct. 26, 2016) (finding that *Johnson* had no relevance because Pre-Sentence Report did not include any reference to the "crime of violence" definition in USSG § 4B1.2, and accordingly the predicate offense was a drug trafficking offense, not a crime of violence).

In *United States v. Espudo*, 2017 WL 1711069, at *1 (S.D. Cal. May 3, 2017), this Court denied Petitioners Rudy Espudo and Miguel Grado's motions to vacate, set aside, or correct their sentence because the plea colloquy and other related court documents made clear that the Count 11 and Count 12 convictions were based on a drug-trafficking crime. There, the Court disagreed with Espudo who argued that his 924(c) conviction—which was titled "Brandishing of a Firearm in Relation to a Crime of Violence and a Drug-Trafficking Crime"—rested only on the a crime of violence. In contrast, in *United States v. Figueroa,* 2017 WL 3412526, at *1, 6–7 (S.D. Cal. Aug. 9, 2017), this Court stayed proceedings as to Petitioner's co-defendant Figueroa pending the Supreme Court's decision in *Dimaya* and a timely decision by the Ninth Circuit in *Begay* because there Petitioner's conviction

9

actually rested on a crime of violence and thus Figueroa could be afforded potential relief under *Johnson*. *See id.* at *1 (pleading guilty to Count 1 for RICO conspiracy related to robbery and extortion and Count 2: "Possession of a Firearm During and in Relation to a Crime of Violence in violation of 924(c)(1)(A)" for the crime of . . . Hobbs Act Robbery.").

Section 924(c) establishes that "crimes of violence" and a "drug trafficking crime" are possible and alternative predicate offenses. *See In re Gomez*, 830 F.3d 1225, 1227 (11th Cir. 2016). "The use of the disjunctive 'or' makes it clear that the possession of a firearm relating to *either* a crime of violence or a drug trafficking crime will violate § 924(c) and give rise to the penalties set forth in that statute. That is, one can violate § 924(c) without implicating the definition of 'crime of violence.'" *Saenz*, 2016 WL 6275157, at *5.

In the context of the ACCA, the Ninth Circuit has held that a claim does not "rely on" *Johnson* if "it is possible to conclude, using both the record before the sentencing court and the relevant background legal environment at the time of sentencing, that the sentencing court's ACCA determination did not rest on the residual clause." *United States v. Geozos*, 870 F.3d 890, 896 (9th Cir. 2017). Here, *Johnson* is similarly inapposite because the 924(c) conviction rests on a drug-trafficking crime, not a crime of violence, and accordingly the conviction could not have rested on the crime of violence residual clause of Section 924(c)(3). Courts in the Ninth Circuit and throughout the country have found that *Johnson* has no bearing on drug trafficking predicate crimes. *See United States v. Zazueta*, No. 103CR054531LJO, 2017 WL 784858, at *3 (E.D. Cal. Feb. 28, 2017) ("Petitioner's contention that his 21 U.S.C. §§ 841, 846 conviction is no longer a 'crime of violence' is completely inapposite because this offense is nevertheless a 'drug trafficking offense' that can sustain a § 924(c)(1)(A) conviction."); *Cole v. Shinn*, No. EDCV161778BROSS, 2016 WL 6304675, at *3 (C.D. Cal. Sept. 30, 2016), *report and recommendation adopted*, No. EDCV161778BROSS, 2016 WL 6310759 (C.D. Cal. Oct. 26, 2016) (finding Petitioner's *Johnson* argument "unavailing" because "Petitioner was not

10

16-cv-1622-GPC

convicted under 924(c) 'crime of violence' provision," but rather the drug trafficking provision); *Saenz*, 2016 WL 6275157, at *5 ("*Johnson*, which went to the definition of 'violent felony,' in no way affects the firearms charge against Saenz relating to the possession of a firearm in connection with drug dealing, not to violence."); *Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) (affirming district court's finding that 924(c) conviction was valid based on a "drug trafficking crime" rather than a "crime of violence" by looking at plea colloquy and factual basis of plea); *Kinard v. United States*, No. 3:16-CV-539-GCM, 2017 WL 4350983, at *4 n.3 (W.D.N.C. Sept. 29, 2017) ("*Johnson* does not apply to Counts (13) and (34) because the predicate offenses upon which they are based are drug trafficking crimes, not crimes of violence."); *Jones v. United States*, No. 1:07-CR-25-HSM-SKL-1, 2017 WL 563984, at *18 (E.D. Tenn. Feb. 10, 2017) ("The drug offense underlying Petitioner's § 924(c) charge involved a violation of the Controlled Substances Act, and thus the *Johnson* decision does not provide a basis for relief.").

Accordingly, because Petitioner's 924(c) conviction rested on a "drug trafficking" charge, he can be afforded no relief under *Johnson*. *See Espudo*, 2017 WL 1711069, at *8 ("Because Espudo was convicted of § 924(c) based on a drug-trafficking crime, he would necessarily have been subject to the mandatory enhanced sentence under § 924(c).").

### b. Whether The Categorical Approach Applies To The Court's Determination Of Whether The Predicate Offenses For Petitioner's 924(C) Conviction Was A Drug-Trafficking Offense

Petitioner argues that the Ninth Circuit has held that the question of whether an offense may sustain a § 924(c) conviction is a pure question of law that necessitates the use of the categorical approach. Amended Pet. at 2. Petitioner attempts to distinguish between the facts of the case—which Petitioner concedes appears to involve drug trafficking offenses rather than a crime of violence—and the legal determination of whether an offense constituted a drug-trafficking offense. Petitioner further argues that because a conviction for RICO conspiracy is not divisible, the Court may not look at underlying facts under the

11

"modified categorical approach" to determine whether his convictions involved drug trafficking or a crime of violence.

Petitioner's position is mistaken. The Ninth Circuit's application of the categorical approach has never been held to apply to the determination of whether a 924(c) offense rested on a predicate drug trafficking offense or a crime of violence. Instead, the categorical approach is used for a different reason—the determination of whether a predicate current or prior offense qualifies as a "crime of violence" pursuant to Section 924(c)(3).

The "categorical approach" outlined in *United States v. Taylor* governs the inquiry in the Ninth Circuit of whether a particular conviction satisfies the specified elements of a sentence-enhancement provision. *United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006), *as amended* (Apr. 20, 2006).[9] In *United States v. Amparo*, 68 F.3d 1222, 1225 (9th Cir. 1995), the Court held that the categorical approach should apply to the determination of whether a current predicate offense constituted a "crime of violence" under Section 924(c)(3). Under the categorical approach, Courts may not look to underlying facts and must focus on an elements based analysis where the Court cannot look to underlying documents such as the indictment.[10]

Petitioner has cited no case holding that the categorical approach applies to the critical issue in this case—whether the categorical approach's bar on reviewing underlying

---

[9] Under the categorical approach, the Court does not examine the facts underlying the prior offense, but looks only to the fact of conviction and the statutory definition of the prior offense. *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002). This is "in contrast to a circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case." *United States v. Mendez*, 992 F.2d 1488, 1490 (9th Cir. 1993). In the Ninth Circuit, the categorical approach is applied "without regard to whether the given offense is a prior offense or the offense of conviction." *Piccolo*, 441 F.3d at 1086.

[10] A court may use the modified categorical approach—which allows the use of a limited class of documents such as indictments and jury instructions—only when an alternative element in a divisible statute formed the basis of a defendant's conviction. *United States v. Descamps*, 133 S. Ct. 2276, 2281 (2013).

documents applies to the determination of whether an offense is a drug-trafficking offense or a "crime of violence." The Court concludes that the categorical approach—a method of analysis used in the Ninth Circuit to determine whether a current conviction constitutes a "crime of violence"—is irrelevant to the instant question of whether Petitioner's convictions rest on a "drug trafficking" or "crime of violence" charge.[11] This conclusion is supported by post-*Johnson* cases that have looked directly to the face of the indictment, plea colloquy, and other elements of the record to determine whether the predicate offense for a 924(c) conviction rested on a drug trafficking conviction or a crime of violence. *See, e.g.*, *Espudo*, 2017 WL 1711069, at *5 (reviewing indictment, plea colloquy, PSR, and judgment); *Cole*, 2016 WL 6304675, at *3 (reviewing indictment, jury verdict, and judgment); *Saenz*, 2016 WL 6275157, at *5 (reviewing PSR); *Davila*, 843 F.3d at 731 (reviewing indictment and plea colloquy); *Ward v. United States*, No. 3:12-CR-128, 2017 WL 784238, at *2 (N.D. Ind. Mar. 1, 2017) (reviewing indictment, plea agreement, plea colloquy, pre-sentence report, and judgment).

Accordingly, the court finds that the categorical approach is not relevant to the analysis here and that the court may properly review the indictment, PSR, judgment, and other parts of the record to determine whether the predicate offense for Petitioner's 924(c) conviction was a "drug trafficking" offense.

### c. Duplicity

Petitioners further argue that it is questionable whether a § 924(c) conviction may legally rest upon more than one count as the § 924(c) count charged two separate offenses and is impermissibly duplicitous citing to *United States v. Robinson*, 627 F.3d 941, 957 (4th Cir. 2010) where the court stated, "[d]uplicitous indictments present the risk that a jury divided on two different offenses could nonetheless convict for the improperly fused

---

[11] The Court observes that a primary policy rationale behind the categorical approach—to avoid "ad hoc mini-trials regarding an individual's prior convictions," *Amparo*, 68 F.3d at 1225—is absent in this situation.

double count." Reply at 6.  Contrary to the facts in *Robinson*, in this case Petitioner plead guilty so there was no risk of any jury confusion, and *Robinson* does not support his position.  *See Espudo*, 2017 WL 1711069, at *8.  Moreover, even if Mr. Ortega were correct, such a legal problem with the indictment would have existed regardless of *Johnson* and should have been addressed at earlier proceedings, not for the first time on collateral review.  *See Ward*, 2017 WL 784238, at *4 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Stanley v. United States*, 627 F.3d 562, 565 (7th Cir. 2016)).

Accordingly, the Court **DENIES** Petitioner Ortega's motion to vacate, set aside or correct sentence.

## IV. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2255 Cases states, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Although the Court denies Petitioners' petitions, the Court recognizes reasonable jurists could find the Court's assessment of Petitioners' claims debatable.  Thus, the Court **GRANTS** a certificate of appealability.

## CONCLUSION AND ORDER

Based on the reasoning above, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  The Court also **GRANTS** Petitioner a certificate of appealability.

14

**IT IS SO ORDERED**.

Dated: December 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge